FILED
2023 Sep-27  AM 11:15
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **TIMOTHY BROWN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **4:22-cv-01485-LSC** |
| | ) | |
| **KILOLO KIJAKAZI,** | ) | |
| **Acting Commissioner of** | ) | |
| **Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OF OPINION

## I. Introduction

The Plaintiff, Timothy Brown ("Brown" or "Plaintiff") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying his applications for Child's Insurance Benefits ("CIB") and Supplemental Security Income ("SSI"). Brown timely pursued and exhausted his administrative remedies and the decision of the Commissioner is ripe for judicial review pursuant to 42 U.S.C. §§405(g), 1383(c)(3).

Brown was twenty-one when he applied for CIB and SSI benefits, and twenty-three years old at the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. 12.) He claims he became disabled on March 8th, 2018, at the age of nineteen

(Tr. at 239-47.) According to the ALJ, Brown has completed high school.[1] (Tr. at 19, 263.) His only past work experience is as a spot-welder, which is a job he had for one month. (Tr. at 415.) He is 5'8" and has a BMI of 45.77.[2] (Tr. at 383-84.) Brown attributes his disability to piriformis syndrome, scoliosis, uneven hips, numbness, Asperger's Syndrome, social anxiety, and obesity. (Tr. at 31-32, 82, 84, 262, 305, 316.)

To be eligible for CIB, a claimant who is over age eighteen and not a full-time student must prove he became disabled prior to age twenty-two. *See* 42 U.S.C. § 402(d)(1)(B)(ii); 20 C.F.R. § 404.350(a)(5). The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for CIB or SSI. *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001). The evaluator will follow the steps sequentially until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA"). *See id.* §§ 404.1520(a)(4)(i),

---

[1] In other documentation, the Plaintiff asserts (and the ALJ acknowledges) that he has only completed 10th or 11th grade. *See* Tr. at 14, 35-36, 73, 415.

[2] There are varying heights, weights, and BMIs attributed to the Plaintiff in the record. These range from 5'8" to 6'1", 200 to 301 pounds, and 40.32 to 45.77 on the BMI scale. *See* Tr. at 18, 83, 89, 383-84, 479.

416.920(a)(4)(i).  If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments.  *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An individual impairment or combination of impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  The decision depends on the medical evidence contained in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's

residual functional capacity ("RFC") before proceeding to the fourth step.  *See id.* §§ 404.1520(e), 416.920(e).  The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of her past relevant work.  *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the plaintiff's impairment or combination of impairments does not prevent him from performing his past relevant work, the evaluator will make a finding of not disabled.  *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience in order to determine whether the plaintiff can make an adjustment to other work.  *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled.  *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g).  If the plaintiff cannot perform other work, the evaluator will find him disabled.   20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

In this case, the ALJ first found that Brown had not attained the age of 22 as of March 8, 2018, the alleged onset date. (Tr. 12.) The ALJ also determined that Brown had not engaged in SGA since the alleged onset of his disability. (*Id.*) At step two, the ALJ determined that Brown had the following severe impairments prior to reaching age twenty-two: scoliosis, piriformis syndrome, obesity, anxiety, and somatic symptom disorder. (Tr. 13; 20 C.F.R. § 404.1520(a)(4)(ii).)  At step three, the ALJ found that the combination of impairments did not meet or equal a listed

impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13.)

The ALJ then, based on the entire record, determined that Brown had the RFC to perform medium work, as defined in 20 C.F.R. §§ 404.1567(c), 416.967(c):

> [H]e can frequently stoop, kneel, crouch, and crawl. He can frequently climb ramps and stairs and occasionally climb ladders, ropes, and scaffolds. He can have occasional exposure to extreme temperatures and vibration. He should avoid unprotected heights and hazardous machinery. He can understand, remember, and carry out simple instructions. He can have infrequent contact with the public such that public contact is not required by the duties of the job. He can engage in occasional decision-making and have occasional interaction with coworkers and supervisors. If provided midmorning, lunch, and midafternoon breaks, he can sustain these tasks over an eight-hour day.

(Tr. 15.)

The ALJ relied on testimony from the Vocational Expert (VE) indicating that the plaintiff could perform work as a kitchen helper, food service worker, and dry clean helper. (Tr. at 19-20; 73-74.) As a result, the ALJ found that Brown was not disabled from March 8th, 2018 through March 28, 2022, the date of the decision. (Tr. 20.) The Appeals Council denied Brown's request for review. (Tr. 1.)

## II. Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one. The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Stone v. Comm'r of Soc. Sec.*, 544 F. App'x 839, 841 (11th Cir. 2013) (citing *Crawford v.*

*Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)).  "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."  *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th

Cir. 1984)).  Moreover, failure to apply the correct legal standards is grounds for reversal.  *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## III. Discussion

Brown alleges that the ALJ's decision should be reversed and remanded because the ALJ's decision was not supported by substantial evidence, particularly as to his piriformis syndrome and scoliosis, and the ALJ did not properly consider the Plaintiff's obesity in combination with his scoliosis and piriformis syndrome. (Doc. 10 at 11-18.) For the reasons detailed below, these arguments are without merit.

### A. Substantial Evidence

Plaintiff's subjective complaints alone are insufficient to establish a disability. *See* 20 C.F.R. §§ 404.1529(a), 416.926(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The Eleventh Circuit applies a two-part pain standard when a plaintiff claims disability due to pain or other subjective symptoms. The plaintiff must show evidence of the underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the

alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the first part of the pain standard is satisfied, the ALJ then evaluates the intensity and persistence of Plaintiff's alleged symptoms and their effect on his ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); *Wilson*, 284 F.3d at 1225–26. In evaluating the extent to which the Plaintiff's symptoms, such as pain, affect his capacity to perform basic work activities, the ALJ will consider (1) objective medical evidence, (2) the nature of Plaintiff's symptoms, (3) the Plaintiff's daily activities, (4) precipitating and aggravating factors, (5) the effectiveness of medication, (6) treatment sought for relief of symptoms, (7) any measures the Plaintiff takes to relieve symptoms, and (8) any conflicts between a Plaintiff's statements and the rest of evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), (4), 416.929(c)(3), (4); SSR 16-3p. In order to discredit Plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons." *See Dyer*, 395 F.3d at 1210. A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548–49 (11th Cir. 1985), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit will not disturb a clearly articulated

finding supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard. "The question is not ... whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Here, the ALJ noted that the impairments underlying Plaintiff's medical conditions "could reasonably be expected to cause the alleged symptoms," thus satisfying the first part of the pain standard. (Tr. 16.) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) The ALJ covered a variety of evidence to support his conclusion, including objective medical evidence and Plaintiff's subjective complaints. (Tr. at 16-19.)

In his opinion, the ALJ discussed several of Brown's medical visits and pointed to several instances in which the Plaintiff' subjective symptoms did not align with the evidence. (*See* Tr. at 16-19.) First, the ALJ pointed to Brown's treatment by Quality of Life Health Services ("QOL"). (Tr. 16.) According to the medical records from QOL, his "physical examination was unremarkable, particularly his musculoskeletal exam and straight leg raise test were negative." (Tr. at 16, 384.)

Second, Plaintiff had a lumbar spine x-ray performed on February 4, 2021 at Gadsden Regional Medical Center. (Tr. at 17, 461.) This x-ray showed "mild apparent disc space narrowing at L4-5 and L5-S1." (*Id.*) Nonetheless, his physical exam conducted on the same day showed normal range of motion. (Tr. at 17, 464.) Third, on March 3, 2021, the plaintiff went for an orthopedic evaluation. (Tr. at 18, 422.) At this visit, Brown informed the doctor that he believed he had piriformis syndrome and that he believed his left hip sticks out. However, the bilateral hip x-ray showed "[t]he sacroiliac joints and pubic symphysis are unremarkable. No acute fracture or malalignment of the pelvis." (Tr. 425.) The doctor then conducted a scoliosis study and determined he had "dextroscoliosis centered at the mid thoracic spine, disc space heights are maintained, and no acute compression deformity." (Tr. at 18, 425.) Lastly, the ALJ points to a visit to the University of Alabama at Birmingham. Brown "reported some recent exercising for piriformis syndrome with some benefit." (Tr. at 18, 484.) Further, the imaging "failed to reveal any evidence of discogenic changes along L5-S1 or any other instability." (Tr. at 18, 486.) All of these findings by medical professionals combined allowed the ALJ to properly reach the determination that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 16.) The ALJ concluded the determination by stating that Brown may:

> [R]easonably experience periodic episodes of pain, discomfort, other symptoms and some physical limitations; however, the records do not support a finding that his ability to exert himself physically is seriously reduced such that he could not engage in work activity at the level set forth in his residual functional capacity.

(Tr. 19.)

Throughout the ALJ opinion, he also points to several actions by the Plaintiff that contradict some of his subjective complaints. (*See* Tr. 15.) For example, he is able to sit for several hours to play his games and stream online content.[3] (*Id*.) Further, he also helps with "laundry, washing dishes, cooking, cleaning, and paying bills." (*Id*.)

For the reasons detailed above, this Court finds there was substantial evidence for the ALJ to find that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 16.) Thus, this Court will not disturb the decision of the ALJ.

**B. Obesity Consideration**

Brown also alleges the ALJ did not properly consider his obesity in conformity with his scoliosis and piriformis syndrome. (Tr. at 16-19.) In support of this contention, the Plaintiff cites the Social Security Ruling 02-1p, 2002 (Sept 12,

---

[3] The Court notes there are inconsistencies regarding his time spent playing video games in the record. The ALJ relied on a psychological evaluation the Plaintiff had on January 13, 2021 in which the physician noted the Plaintiff spent "time on the computer (6 hours a day)." (Tr. 415.) To the contrary, Brown stated at his hearing in front of the ALJ that he only games for "10, 20 minutes" a day. (Tr. 69.)

2002), which states that "[o]besity can cause limitation of function." SSR 02-1p states other aspects of how obesity affects work functionality, and notes in particular that the "combined effects of obesity may be greater than might be expected without obesity."  SSR 02-1p. Further, Brown cites an unpublished Fourth Circuit opinion, *Wyatt v. Bowen*, for the proposition that an ALJ's "duty of explanation will be satisfied when the ALJ presents 'us with findings and determinations sufficiently articulated to permit meaningful judicial review,' which must include specific reference to the evidence producing his conclusion." WL 117940, at *4 (4th Cir. 1989).

The Plaintiff's claims are unpersuasive. Obesity may have various corresponding risk factors which this Court does not dispute, but a diagnosis does not necessarily establish a corresponding limitation. *See Moore v. Barnhart*, 405 F.3d 1208, 1213 n.6 (11th Cir. 2005) (holding that the plaintiff's diagnosis of varus leg instability and shoulder separation did not reveal the extent to which they limited her ability to work).  As such, Brown's diagnosis of obesity does not within itself establish that he is limited in his ability to work or that it exacerbates existing conditions.[4]

Additionally, the ALJ *did* consider obesity. Although he determined his

---

[4] In fact, the language of SSR 02-1p itself says obesity *may* have effects for individuals that would not occur without obesity.

conditions did not meet or medically equal a listed impairment, the ALJ listed obesity as one of Brown's severe impairments. (Tr. 13.) He stated that he had "evaluated the claimant's obesity and accompanying impairments in accordance with SSR 19-2p." (Tr. 18.) Further, he noted:

> [T]here is no substantial evidence that the claimant's obesity precludes him from work at the medium level of exertion with the additional limitations. Taking into consideration the objective evidence in the record, the undersigned is of the opinion that the claimant's obesity does not significantly interfere with his ability to perform physical activities or routine movement consistent with the exertional requirements of the above-stated residual functional capacity.

(*Id.*)

Additionally, the Eleventh Circuit does have a requirement that is parallel to the Fourth Circuit's for ALJs cited by the Plaintiff, and it was satisfied here. The Eleventh Circuit has stated that "it is the duty of the . . . [ALJ] to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Walker v. Bowen*, 826 F.2d 996, 1001 (11th Cir. 1987). Specifically what is required of the ALJ to satisfy this duty has been established by subsequent cases. For example, in *Coleman ex rel. J.K.C. v. Comm'r of Soc. Sec.*, the court held that the ALJ had properly considered the cumulative effect of the plaintiff's impairments by finding he had no impairment or combination of impairments meeting or equaling a listed impairment. 454 F. App'x 751, 753 (11th Cir. 2011). The court specified that

an ALJ's reference to a claimant's "combination of impairments" demonstrates consideration of their cumulative effect. *Id*. at 753 (citing *Jones v. Dept' of Health and Human Services,* 941 F.2d 1529, 1533 (11th Cir. 1991); *Wilson v. Barnhart*, 284 F.3d 1219, 1224-25 (11th Cir. 2002)).

Similar to *Coleman*, the ALJ clearly indicated he had considered Brown's obesity in concert with his other limitations with reference to the "accompanying impairments" and "additional limitations." (*See* Tr. 18.) The ALJ stated "there are no opinions in the record from medical experts or any other type of medical or psychological consultants, who have been designated by the Commissioner, which indicate that the *claimant's impairments alone or in combination* equal a listing." (Tr. 13.) (emphasis added).

The Court also acknowledges that the argument put forth by the Commissioner is persuasive: although several medical professionals made note of his obesity, his "treatment notes frequently showed unremarkable physical exam findings and few complaints related to this condition." (Doc. 11 at 10.)[5]

For the reasons detailed above, this Court finds that the ALJ's consideration of obesity in conjunction with Brown's other impairments satisfies what is required by the Eleventh Circuit.

---

[5] The Commissioner points to six examples of this in the record. The only comment from doctors in regards to Brown's obesity were recommendations of a better diet and exercise. (*See* Tr. 384, 423, 460, 464, 479, 486.)

**IV. Conclusion**

Upon review of the administrative record, and considering Brown's argument, this Court finds the Commissioner's decision is supported by substantial evidence and is AFFIRMED. A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on September 27, 2023.

L. Scott Coogler
United States District Judge

215708